UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

_TAMPA_ Division

PROVIDED TO OK
ON 3/7/07
FOR MAIL

## CIVIL RIGHTS COMPLAINT FORM

IRVIN U. SHIPP DC# 489614

DEMAND FOR JURY TRIAL

(Enter full name of each Plaintiff and prison number, if applicable.)

v.

Case Number: 807CV 440-T-17TBM
(To be supplied by Clerk's Office)

OFFICER, P. BUCHER #44843, INDIVIDUAL AND/OR OFFICIAL

CITY OF TAMPA, FLORIDA

JOHN DOE, CHIEF TAMPA POLICE DEPT., INDIVIDUAL AND/OR OFFICIAL

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right.)

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. **PLACE OF PRESENT CONFINEMENT:** OKALOOSA CORRECTIONAL INSTITUTION
(Indicate the name and location)

3189 LITTLE SILVER ROAD, CRESTVIEW, FLORIDA 32539-6708

II. **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes ( ) No (X)

If your answer is YES, after reviewing the exhaustion requirements, answer the following questions.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES:** Pursuant to the Prison Litigation Reform Act of 1995, Title VIII, Section 803, Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies

1

is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievances

Inmates are not required to utilize the Informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Grievance Alleging Violation of the Americans with Disabilities Act, Medical Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No ( )
      N/A
   2. If so, you must attach a copy of the grievance and response to this Complaint form.
      N/A
   3. Were you denied emergency status? Yes ( ) No ( )
      N/A
      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )
         N/A

DC 225 (Rev. 1/97)                          2

   b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. <u>Informal Grievance</u> (Request for Interview)

   1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( )
      N/A
   2. If so, you must attach a copy of the grievance and response to this Complaint form.
      N/A

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

   1. Did you have a disciplinary hearing regarding this matter? Yes ( ) No ( )
      N/A
   2. If so, you must attach a copy of the disciplinary report worksheet and disciplinary committee's findings and decision to this Complaint form.
      N/A
   3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( )
      N/A
   4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

   1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No ( )
   N/A
   2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___7th___ day of __MARCH__, __2007__.


_____
Signature of Plaintiff

DC 225 (Rev. 1/97)                            3

III. <u>DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?</u>   Yes ( )  No (X)

If your answer is YES, answer the following questions.

N/A

A. Is there a grievance procedure at your institution or jail?  Yes ( )  No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure?

Yes ( )  No ( )

C. If your answer is YES:

1. What steps did you take? _____

N/A

2. What were the results? _____

N/A

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain: <u>ISSUE IS OF A SENSITIVE NATURE CONCERNING VIOLATIONS OF FOURTH AND FOURTEENTH AMENDMENTS.</u>

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this  7th  day of  MARCH , 2007 .

_____
Signature of Plaintiff

DC 225 (Rev. 1/97)

4

IV.  PREVIOUS LAWSUITS:

   A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?  Yes ( ) No (X)

   B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?  Yes ( ) No (X)

   C. If your answer to either A or B is YES, describe each lawsuit in the space provided.  If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper using the same format.

   1. Parties to previous lawsuit:

      Plaintiff(s): _____ N/A _____

      Defendant(s): _____

   2. Court (if federal court, name the district; if state court, name the county):

      _____ N/A _____

   3. Docket Number: _____ N/A _____

   4. Name of judge: _____ N/A _____

   5. Briefly describe the facts and basis of the lawsuit: _____

      _____ N/A _____

   6. Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):

      _____ N/A _____

7. Approximate filing date: _____N/A_____

8. Approximate disposition date: _____N/A_____

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify these suits below by providing the case number, the style, and the disposition of each case:

_____N/A_____

V. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: __IRVIN U. SHIPP DC# 489614__

Mailing address: __OKALOOSA CORRECTIONAL INSTITUTION__

__3189 LITTLE SILVER ROAD, CRESTVIEW, FLORIDA 32539-6708__

B. Additional Plaintiffs: _____

In part C of this section, indicate the full name of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

DC 225 (Rev. 1/97)            6

C. Defendant: OFFICER, P. BUCHER

Mailing Address: _____

Position: POLICE OFFICER

Employed at: TAMPA POLICE DEPARTMENT

D. Defendant: JOHN DOE

Mailing Address: _____

Position: CHIEF, TAMPA POLICE DEPARTMENT

Employed at: TAMPA POLICE DEPARTMENT

E. Defendant: CITY OF TAMPA

Mailing Address: _____

Position: _____

Employed at: _____

F. Defendant: _____

Mailing Address: _____

Position: _____

Employed at: _____

G. Defendant: _____

   Mailing Address: _____

   _____

   Position: _____

   Employed at: _____

VI. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Complaint form.   CAUSE OF ACTION

① DEFENDANT BUCHER, WHILE ACTING UNDER COLOR OF STATE LAW, VIOLATED PLAINTIFF'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE WHEN HE WITHOUT PROBABLE CAUSE, AND WITHOUT A WARRANT ORDERED PLAINTIFF TO PUT HIS HANDS ON THE STEERING WHEEL OF THE CAR, SNATCHED THE DOOR TO THE VEHICLE OPEN AND PHYSICALLY PULLED PLAINTIFF
(CONTINUED)

VII. **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. Do not make any legal arguments or cite any cases or statutes. State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

② THE PLAINTIFF, IRVIN U. SHIPP, PRO SE, IS AN INMATE WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS, AND IS CURRENTLY

FROM HIS VEHICLE AND PLACED PLAINTIFF UNDER ARREST, HANDCUFFED AND TRANSPORTED PLAINTIFF TO JAIL. DEFENDANT CHARGED PLAINTIFF WITH DISPOSAL OF A LIGHTED SUBSTANCE (CIGARETTE) AND DRIVING WITHOUT EYEGLASSES.

2) DEFENDANT BUCHER, HAD HE BEEN A REASONABLY WELL TRAINED POLICE OFFICER, WOULD HAVE KNOWN THAT PLAINTIFF HAD A DUE PROCESS LIBERTY INTEREST TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURES, AND TO BE SECURE IN HIS PERSON, HOUSES, PAPERS AND EFFECTS AGAINST UNREASONABLE SEARCHES AND SEIZURES GUARANTEED BY THE 4TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

3) DEFENDANT BUCHER ACTED IN THE SCOPE OF EMPLOYMENT AND IN BAD FAITH AND/OR WITH MALICIOUS PURPOSE AND/OR IN A MANNER EXHIBITING WANTON AND WILLFUL DISREGARD OF THE HUMAN RIGHTS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS DUE TO POLICIES AND PROCEDURES DEVOID OF SAFEGUARDS TO PREVENT SUCH UNREASONABLE ACTIONS.

4) DEFENDANT BUCHER ENGAGED IN THE MALICIOUS PROSECUTION OF THE PLAINTIFF ON THE GROUNDS THAT PLAINTIFF'S ARREST AND PROSECUTION WAS WITHOUT PROBABLE CAUSE; THAT DEFENDANT BUCHER MALICIOUSLY PRESSED FOR FORMAL PROSECUTION OF THE PLAINTIFF BY THE STATE ATTORNEY'S OFFICE; AND THAT DEFENDANT FALSELY ACCUSED PLAINTIFF OF DISPOSING OF A LIGHTED CIGARETTE AND NOT WEARING EYEGLASSES. THE PLAINTIFF AVERS THAT THE ACTIONS OF THE DEFENDANT WAS THE LEGAL CAUSE OF THE JUDICIAL PROCEEDINGS WHICH WERE TERMINATED IN THE PLAINTIFF'S FAVOR ON 13 JANUARY 2004, WHEN THE STATE ATTORNEY'S OFFICE FILED A "NOTICE OF TERMINATION OF PROSECUTION."

## SECOND CAUSE OF ACTION

5) PLAINTIFF AVERS THAT THE CITY OF TAMPA, FLORIDA VIOLATED HIS RIGHTS UNDER THE 4TH, 5TH AND 14TH AMENDMENTS. THE CITY SHOWED DELIBERATE INDIFFERENCE TO PLAINTIFF'S DUE PROCESS LIBERTY INTEREST TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURES, WHEN THE CITY ARRESTED AND DETAINED PLAINTIFF WITHOUT PROBABLE CAUSE OR WARRANT DUE TO CUSTOMS AND POLICY DEVOID OF PROCEDURES TO PREVENT THE UNLAWFUL ARREST AND DETENTION OF INNOCENT PERSONS WITHOUT PROBABLE CAUSE.

BY FAILING TO TAKE STEPS TO VERIFY PROBABLE CAUSE, DESPITE PLAINTIFF'S PROTESTATIONS, THE CITY SHOWED DELIBERATE INDIFFERENCE TO VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

### THIRD CAUSE OF ACTION

6) PLAINTIFF AVERS THAT JOHN DOE, CHIEF OF POLICE FOR THE CITY OF TAMPA, SHOWED DELIBERATE INDIFFERENCE TO PLAINTIFF'S DUE PROCESS LIBERTY INTEREST TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURES, AND UNLAWFUL ARREST WITHOUT PROBABLE CAUSE OR WARRANT BECAUSE OF POLICIES AND CUSTOMS OF INADEQUATELY TRAINING ITS OFFICERS. BY FAILING TO ADEQUATELY TRAIN ITS OFFICERS AND FAILING TO VERIFY THAT ITS OFFICERS PROPERLY ESTABLISHED PROBABLE CAUSE, DESPITE PLAINTIFF'S PROTESTATIONS, THE TAMPA POLICE DEPARTMENT, JOHN DOE, SHOWED DELIBERATE INDIFFERENCE TO VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS.

**Statement of Facts, continued:**

HOUSED AT OKALOOSA CORRECTIONAL INSTITUTION, 3189 LITTLE SILVER ROAD, CRESTVIEW, FLORIDA 32539-6708.

8) ON DECEMBER 27, 2003, AT APPROXIMATELY 8:50 P.M., I WAS DRIVING NORTH ON THE 4100 BLOCK OF NORTH COOPER PLACE WHEN I RAN OVER A PIECE OF PORCELAIN FROM A DISCARDED TOILET. I STOPPED THE VEHICLE, TURNED IT OFF AND CHECKED MY FRONT LEFT TIRE FOR DAMAGE. AFTER FINDING THE TIRE FREE OF DAMAGE, I GOT BACK IN MY VEHICLE AND OBSERVED A TAMPA POLICE DEPT. CRUISER APPROACH FROM THE FRONT OF MY VEHICLE WITH ITS FLOOD LIGHTS ON. ADDITIONALLY, I OBSERVED A SECOND VEHICLE (TAMPA AIRPORT POLICE) APPROACH FROM THE REAR AND STOPPED ALONG THE RIGHT SIDE OF MY VEHICLE. TAMPA POLICE OFFICER P. BUCHER ANNOUNCED OVER HIS P.A. SYSTEM FOR ME TO PUT MY HANDS ON THE STEERING WHEEL. I DISCARDED MY CIGARETTE AT HIS REQUEST AND COMPLIED WITH OFFICER'S COMMAND. OFFICER BUCHER THEN APPROACHED MY VEHICLE WITH WEAPON POINTING AT ME AND ANNOUNCED, "YOU'RE GOING TO JAIL FOR THAT." WHEN I ASKED THE OFFICER "WHAT FOR," HE RESPONDED, "FOR THROWING THAT CIGARETTE DOWN."

9) OFFICER BUCHER THEN SNATCHED MY VEHICLE DOOR OPEN, PULLED ME OUT OF MY VEHICLE AND TOLD ME THAT I WAS UNDER ARREST AND HANDCUFFED ME.

Statement of Facts, continued:

4. OFFICER BUGHER WALKED ME TO HIS POLICE CAR, PLACED ME IN THE BACK SEAT AND QUESTIONED ME CONCERNING MY BEING STOPPED AND I COMPLIED. HE THEN TOLD ME "WRONG ANSWER, YOU'RE GOING TO JAIL." WHEN I ASKED HIM WHY HE WAS DOING THIS, HE RESPONDED, "BECAUSE I WANT TO BE (CONTINUED ON 10-1)

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

THE PLAINTIFF SEEKS $12,800 IN LOST WAGES AND AN ADDITIONAL $1,000 FOR THE LOSS OF PERSONAL PROPERTY THROUGH THE FORFEITURE OF HIS APARTMENT AS COMPENSARY DAMAGES. THE PLAINTIFF SEEKS $86,200 AS PUNITIVE DAMAGES, A TRIAL BY JURY AND THE DAMAGES JOINTLY AND SEVERLY.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT:**

Signed this _7th_ day of _MARCH_, 19_2007_.

_____
(Signatures of all Plaintiffs)

DC 225 (Rev. 1/97)

10

NASTY, AND IF YOU SAY ANOTHER WORD, I'LL STACK MORE CHARGES ON YOU." THE AIRPORT OFFICER OBSERVED THE ARREST AND LEFT. MY VEHICLE WAS IMPOUNDED AND I WAS CHARGED WITH DISPOSING OF A LIGHTED CIGARETTE AND DRIVING WITHOUT EYEGLASSES AND TRANSPORTED TO JAIL AND BOOKED.

11) THE PLAINTIFF AVERS THAT THE CITY OF TAMPA THROUGH ITS OFFICERS TOOK NO ACTION TO DISCOVER THE DIFFERENCE BETWEEN THE PLAINTIFF DISCARDING HIS CIGARETTE AS A RESULT OF THE OFFICER'S DEMAND TO PLACE HIS HANDS ON THE STEERING WHEEL, AND STATUTE 590.10 WHICH CONCERNS FOREST PROTECTION AND HOW UNLIKELY IT WOULD HAVE BEEN THAT NIGHT FOR PLAINTIFF'S ACTION TO HAVE CAUSED A WILDFIRE.

12) AS A RESULT OF DEFENDANT'S ACTIONS BECAUSE OF POLICY AND PROCEDURES DEVOID OF SAFEGUARDS TO PREVENT THE UNLAWFUL ARREST OF INNOCENT PERSONS WITHOUT WARRANT OR PROBABLE CAUSE, THE PLAINTIFF WAS DEPRIVED OF SOCIETY, FAMILY, AND HIS ABILITY TO SUPPORT HIMSELF OR HIS FAMILY AND HIS HEALTH PLACED IN JEOPARDY.

13) AS A RESULT OF THE DEFENDANT'S ACTIONS, THE PLAINTIFF'S PROBATION WAS VIOLATED, AND HE WAS SENT TO PRISON AND SPENT A TOTAL OF 87 DAYS IN AN UNLAWFUL DETENTION FROM DECEMBER 27, 2003, UNTIL APRIL 2, 2004.