UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRVIN U. SHIPP,

    Plaintiff,

v.          Case No. 8:07-cv-440-T-17TBM

P. BUCHER, OFFICER,
CITY OF TAMPA, FLORIDA,
JOHN DOE, CHIEF OF TAMPA POLICE DEPT.

    Defendants.

---

O R D E R

  This cause is before the Court on Defendant's second motion to dismiss Plaintiff's 42 U.S.C. § 1983 complaint (Doc. No. 38) and Plaintiff Shipp's response to the motion to dismiss (Doc. No. 45).

Background

  Plaintiff Shipp filed a civil rights complaint against Officer Peter Bucher (First Cause of Action) in his Individual and Official Capacity for False Arrest and Malicious Prosecution; against the City of Tampa (Second Cause of Action) for being deliberately indifferent to Shipp's due process liberty interest to be free from unreasonable search and seizure; and against the Chief of Police of the City of Tampa Police Department (Third

Cause of Action) in his Official and Individual Capacity for being deliberately indifferent to Shipp's due process liberty interest to be free from unreasonable search and seizure. Subsequently, on August 4, 2008, Shipp filed a motion to remove the City of Tampa and Stephen Hogue, the Chief of Police of the City of Tampa Police Department as Defendants, thereby eliminating Shipp's second and third causes of action. (See Doc. No. 36).

Plaintiff Shipp alleges violations of his Fourth, Fifth, and Fourteenth Amendment rights. Shipp seeks compensatory and punitive damages and a trial by jury.

Factual Background

Shipp alleges that he was driving on Cooper Place on December 27, 2003, when he ran over something in the road that caused him to pull his vehicle over to check for tire damage. As Shipp re-entered his vehicle, he noticed a police car approach. Shipp alleges that the police cruiser shined a floodlight on his car and that the officer then used his PA system to tell Shipp to place his hands on the steering wheel. Shipp, who was smoking a cigarette, tossed the cigarette out of the window so that he could comply with the officer's command. As the officer approached Shipp with his gun drawn, he advised Shipp that he was going to jail for tossing the cigarette out of the vehicle. The officer then opened Shipp's door, removed Shipp from the vehicle and handcuffed him.

Shipp alleges that when he questioned Officer Bucher, Bucher responded that he could do what he wanted to Shipp and that Shipp would receive more charges if he continued to talk. Shipp was booked into jail for improperly disposing of a lighted cigarette and was cited for driving without eyeglasses. Shipp was charged by the State Attorney's Office for violation of Florida Statute §590.10. However, the State Attorney's Office

ultimately dismissed the charge. Shipp spent approximately three and one-half months in jail before he was released from the charges.

Shipp further alleges that his arrest by Officer Bucher led to the violation of his probation which caused him to be sentenced to Florida State Prison.

STANDARD OF REVIEW FOR RULE 12(b)(6) MOTIONS TO DISMISS

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity defense), the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). Factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all of the complaint's allegations are true. *Twombly,* 550 U.S. 544, 127 S. Ct. at 1965.

*Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008).

A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

## Malicious Prosecution

To establish a § 1983 claim for malicious prosecution, the plaintiff must prove both the elements required under state law for a common law tort of malicious prosecution, and violation of his Fourth Amendment right to be free from unreasonable seizures. *Kingsland v. City of Miami*, 382, F.3d 1220, 1234 (11 Cir. 2004); *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir.), *cert. denied*, 540 U.S. 879 (2003) (citing *Uboh v. Reno*, 141 F.3d 1000, 1002-04 (11 Cir.1998); *Whiting v. Traylor*, 85 F.3d 581, 584-86 (11 Cir.1996); and *Kelly v. Curtis,* 21 F.3d 1544, 1553-55 (11 Cir. 1994)). As for the elements of a tort under Florida law, the plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) institution of an original judicial proceeding against the plaintiff; (2) the

defendant was the legal cause of the original proceeding; (3) termination of the proceeding in favor of the accused/plaintiff; (4) absence of probable cause for the proceeding; (5) malice on the part of the defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. *See Kingsland v. City of Miami*, 382, F.3d at 1234 (citing *Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002)).

## Discussion

### FOURTEENTH AMENDMENT CLAIMS

Shipp alleges that his Complaint shows that there was a violation of his Fourteenth Amendment Due Process rights. However, the law is clear that "[t]here is no substantive due process right to be free from investigation, arrest, or even prosecution on less than probable cause." *Albright v. Oliver*, 510 U.S. 266, 268 (1994) Therefore, Defendants' motion to dismiss directed to this allegation of a constitutional violation will be granted because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

### FOURTH AMENDMENT CAUSE OF ACTION
### PETER BUCHER

**A. Official Capacity**

The First Cause of Action alleged in the Complaint is against Officer Bucher in his Official and Individual Capacity. When a government official is sued in their official capacity under 1983, the suit is "another way of pleading an action against an entity of which an officer is an agent," and consequently is actually a suit against the city. *Busby v. Orlando*, 931 F. 2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1984)). Plaintiff Shipp's claims against Officer Bucher in his Official capacity have no merit because Plaintiff requested that the City of Tampa be removed as a Defendant from this

suit. Defendant's motion to dismiss this claim will be granted because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

**B. Individual Capacity**

Officer Bucher is a sworn certified law enforcement officer of the City of Tampa. Officer Bucher was performing discretionary acts when he encountered Plaintiff Shipp on December 27, 2003 and when he ultimately arrested Shipp. Qualified immunity protects officials performing discretionary functions from liability "where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gold v. City of Miami*, 121 F.3d 1442, 1445 (11th Cir. 1997)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Strock v. City of Coral Springs*, 354 F.3d 1307, 1313 (11th Cir. 2003). So long as an official's conduct is not unlawful, the doctrine of qualified immunity exempts government officials from damage suits to enable them to perform their responsibilities without threats of liability. *Hutton v. Strickland*, 919 F.2d 1531, 1536 (11th Cir. 1990). Qualified immunity is intended to protect "all but the plainly incompetent or those who knowingly violate the law." *McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir. 1995)(quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

On a motion to dismiss, "the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined." *Wooten v. Campbell*, 49 F.3d 696, 699 (11th Cir.1995). The purpose of the doctrine of qualified immunity is to protect government officials not only from liability and damages, but also from being subject to suit. *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir.2001) (en banc). Thus, whether or not a defendant is entitled to qualified immunity should be determined "at the earliest possible stage of the litigation."

*Johnson v. Breeden*, 280 F.3d 1308, 1317 (11th Cir.2002). The Supreme Court has set forth a two part analysis to be applied to a defense of qualified immunity. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. If the allegations do not establish a constitutional violation, there is no necessity for further inquiries concerning qualified immunity. *Saucier*, 533 U.S. at 201. However, if the allegations establish a constitutional violation, the next step in the analysis is to determine whether the right was clearly established. *Id.*; *Strock,* 354 F.3d at 1314.

## FALSE ARREST

Shipp's allegation of false arrest does not establish a constitutional violation because Officer Bucher had the right to conduct an investigatory stop of Shipp. An officer may conduct a stop if he has a reasonable suspicion that criminal activity is afoot. *Terry v. Ohio,* 392 U.S. 1 (1968). Although, Shipp would never be able to state what was in Officer Bucher's mind, the facts as alleged indicate that Shipp pulled off to the side of the road on Cooper Place somewhere near the airport[1] "around nighttime"[2] and got out of his vehicle. Shipp alleges that after he re-entered his vehicle, he noticed a police cruiser approaching his vehicle from the front and another police cruiser approaching from the rear. It is reasonable to infer from the facts that the presence of Plaintiff Shipp's parked car near the airport area at nighttime raised Officer Bucher's suspicion, as well the suspicion of an airport police person. This inference that Officer Bucher was suspicious of criminal activity

---

[1] Plaintiff Shipp alleges that a Tampa Airport Police Cruiser also "pulled up next to him" during this incident.

[2] Plaintiff alleges that Officer Bucher first shined a floodlight on him when he approached in his police cruise.

is further supported by the fact that Officer Bucher asked Shipp to put his hands where they could be seen before the Officer approached Shipp's vehicle.

The question for qualified immunity is whether Officer Bucher had "arguable reasonable suspicion" to believe that criminal activity was taking place. *Jackson v. Sauls*, 206 F. 3d 1156, 1165-66 (11th Cir. 2000). The facts support a reasonable inference that Officer Bucher had an arguably reasonable suspicion that he needed to determine Shipp' purpose for being stopped where Shipp was stopped. Bucher's commands and approach to Shipp were objectively reasonable under the circumstances.

Next, Shipp argues that after he tossed the cigarette from the window, Officer Bucher advised Shipp that he was going to be arrested and opened his vehicle door, pulled him out of the vehicle and effected the physical arrest. While an arrest without probable cause violates the right to be free from an unreasonable search or seizure, *Durruthy v. Pastor*, 351 F.3d 1080, 1087 (11th Cir. 2003), an officer is entitled to qualified immunity on a Section 1983 claim of false arrest where the officer had "arguable probable cause," or where "reasonable officers in the same circumstances and possessing the same knowledge as the [d]efendants could have believed that probable cause existed to arrest" Shipp. *Redd v. City of Enterprise, Alabama*, 140 F.3d 1378, 1382 (11th Cir. 1998); *Strock*, 354 F.3d at 1314-15. An officer may arrest an individual even for a very minor offense committed in his presence without violating the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). The key element in "arguable probable cause" is what information the officer knew or had at the time of the arrest to warrant a prudent person to believe that the suspect had committed an offense. *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975); *Strock*, 354 F.3d at 1315; *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998).

Shipp alleges that probable cause to arrest him for this offense was absent because he disposed of the cigarette at the officer's request and the cigarette was unlikely to cause a wildfire.[3] First, Shipp alleges that Officer Bucher's command was for him to "place his hands on the steering wheel."[4] Thus, the reasonable inference is that Shipp made the decision to toss the cigarette out of the window in order to comply with Officer Bucher"s command. The Complaint is factually lacking of any allegation that the Officer instructed Shipp to toss his lighted cigarette out of the window. The lack of factual detail in the Complaint does not meet the heightened pleading requirement in order to withstand a motion to dismiss. *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F. 3d 1359, 1366 (11th Cir. 1998). Second, the statute does not delineate any certain likelihood of fire that is necessary before a person is charged with disposing of lighted material. Florida Statute § 590.10 makes it unlawful for a person to throw, drop, or dispose of a lighted match, cigarette, cigar, ashes or other flaming or glowing substance or thing which may cause a wildfire. In ruling on a Motion to Dismiss, conclusory allegations, unwarranted factual deductions and legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Airlines, Inc.*, 326 F. 3d 1183, 1185 (11th Cir. 2003).

Finally, Shipp alleges that he questioned Officer Bucher about his actions, after he had been arrested, and was advised that the officer wanted "to be nasty." The subjective intent of an officer is immaterial to a determination of whether the officer's actions were objectively reasonable. *Whren v. U.S.*, 517 U.S. 809 (1996). The subjective intent of an officer does not make otherwise lawful conduct illegal or unconstitutional. *Scott v. U.S.*,

---

[3] Page 10-1 of the Complaint.

[4] Page 9 of the Complaint.

436 U.S.128 (1978). Here, Officer Bucher had a reasonable suspicion to investigate Shipp's reason for being stopped where he was, which thereafter led to Shipp's arrest after Officer Bucher witnessed Shipp toss a lighted cigarette from the window. Defendant's motion to dismiss on this claim will be granted because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

## MALICIOUS PROSECUTION

In order to prove Malicious Prosecution pursuant to § 1983, Shipp must prove the elements of the common law tort and a Fourth Amendment violation of his right to be free from an unreasonable seizure. *Kingsland v. City of Miami*, 382 F. 3d 1220 (11th Cir. 2004). As stated above, under Florida law, a plaintiff must establish six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) Shipp suffered damages as a result of the original proceeding. *Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla.2d DCA 2002) (citing *Burns v. GCC Beverages, Inc.*, 502 So.2d 1217 (Fla.1986)). Shipp will be unable to prove the fourth and fifth elements As previously stated, Officer Bucher had arguable probable cause to arrest Shipp for tossing the lighted cigarette out of his window. Further, the existence of probable cause or arguable probable cause, and in particular the facts showing that probable cause, contradicts any suggestion of malicious intent or bad faith. *Wood v. Kesler*, 323 F. 3d 872, 884 (11th Cir.

2003). Therefore, Officer Bucher is entitled to summary judgment and qualified immunity as a matter of law on the Malicious Prosecution claim alleged in Count

## Was the Right Clearly Established?

Assuming that Shipp could establish that Bucher violated his constitutional rights, the second step in the qualified immunity analysis is to determine whether the law was clearly established as to that constitutional violation. The critical question is whether the law provided Officer Bucher with "fair warning" that his conduct violated the First and Fourth Amendments. *Hope,* 536 U.S. at 741.

In the Eleventh Circuit, a Court is constrained to only look to the decisions of the United States Supreme Court, the Eleventh Circuit Court of Appeals, and the Florida Supreme Court to determine if a clearly established right existed at the time of the arrest. *Marsh v. Butler County*, 268 F.3d 1014, 1032 n. 10 (11th Cir. 2001) (en banc). Officer Bucher asserts that there is no pre-existing case law that provides him with a fair warning that his treatment of Shipp under these facts was unconstitutional. As noted by the United States Supreme Court, qualified immunity "shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted". *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Officer Bucher argues, and the Court agrees, that he did not have fair warning at the time he arrested the Plaintiff that his actions would be considered unconstitutional, and that he is entitled to qualified immunity.

Accordingly, the Court orders:

That Defendant's second motion to dismiss Plaintiff Shipp's Complaint (Doc. No. 38) is granted. Plaintiff Shipp's Complaint is dismissed. The Clerk is directed to enter judgment against Shipp and to close this case.

ORDERED at Tampa, Florida, on January 26, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Irvin U. Shipp